UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BILLMAN PROPERTY, LLC,<br><br>                                    Plaintiff,<br>     v.<br>BANK OF AMERICA, N.A., et al.,<br><br>                                    Defendants. | Case No. 2:15-cv-00088-APG-PAL<br><br>ORDER<br><br>(Mtn to Seal – Dkt. #6) |

This matter is before the court on Defendant Bank of America, N.A.'s Motion to Seal Exhibit to Plaintiff's Complaint (Dkt. #6) filed January 26, 2015. The court has considered the Motion.

Defendant's motion requests an order, pursuant to LR 10-5(b), sealing a settlement agreement and release Plaintiff attached to the Complaint (Dkt. #1). Defendant represents that the settlement agreement is confidential and was entered into between Plaintiff Billman Property, LLC, its managing member Michael Pusich, and Defendant to settle a previous case Plaintiff filed against Defendant in this court, Case No. 2:14-cv-01230-RCJ-VCF. However, Defendant acknowledges that Mr. Pusich did not sign the settlement agreement, either individually or on behalf of Plaintiff, and instead he filed the instant action on behalf of Plaintiff.[1] The court's docket in 2:14-cv-01230-RCJ-PAL reflects that the district judge dismissed that case without prejudice and struck the Complaint (Dkt. #1) because Plaintiff, a corporate entity, did not retain counsel and could not represent itself pro se. Nevertheless, Defendant argues that Plaintiff is bound by the settlement agreement and its confidentiality provision.

---

[1] Exclusive of exhibits, the Complaint in this case appears to be substantially similar to the Complaint Plaintiff filed in 2:14-cv-01230-RCJ-PAL.

1

1    As a general matter, there is a strong presumption of access to judicial records. *See Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006). The Ninth Circuit has carved out an exception to this presumption of access for materials attached to non-dispositive motions where the movant makes a particularized showing of good cause under Rule 26(c) of the Federal Rules of Civil Procedure that rebuts the public's right of access. *See Foltz v. State Farm Mut. Ins. Co.,* 331 F.3d 1122, 1135, 1138 (9th Cir. 2003); *Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir. 2002). Defendant argues that good cause exists to seal the exhibit to the Complaint because of the strong public policy to encourage parties to settle their disputes voluntarily and because the settlement agreement contains a confidentiality provision.

Defendant cites *United Rentals, Inc. v. Ahern Rentals, Inc.,* No. 2:12-cv-01876-JCM-VCF, 2012 WL 5418355 at *1 (D. Nev. Nov. 12, 2012), to support its position that the good cause standard applies to sealing documents attached to the Complaint. The court there, however, did not specifically consider which standard to apply. Although the Ninth Circuit has not ruled on the issue, other courts in this circuit have held that a party seeking to seal documents attached to the complaint must show compelling reasons, and the court finds those cases persuasive. *See, e.g., McCrary v. Elations Co., LLC*, No. EDCV 13-00242 JGB OP, 2014 WL 1779243, at *6 (C.D. Cal. Jan. 13, 2014); *Dunbar v. Google, Inc.,* 12–3305, 2013 WL 4428853 (N.D.Cal. Aug.14, 2013); *Nucal Foods, Inc. v. Quality Egg LLC,* 10–3105, 2012 WL 260078 (E.D.Cal. Jan.27, 2012); *TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.,* 09–1531, 2010 WL 2474387 (D.Ariz. June 11, 2010); *In re NVIDIA Corp. Derivative Litig.,* C 06–06110 SBA, 2008 WL 1859067, at *3 (N.D.Cal. Apr.23, 2008) ("While complaint is not per se dispositive, "it is the root, the foundation, the basis by which a suit arises and must be disposed of").

The court finds Defendant has not stated compelling reasons to justify sealing the settlement agreement attached to the Complaint. First, Defendant's conclusory assertions that Plaintiff is bound by the confidentiality provisions of a settlement agreement it did not sign are insufficient. Second, Defendant has not shown that "specific prejudice or harm will result" unless the settlement agreement is sealed. *See, e.g., San Jose Mercury News, Inc. v. U.S. Dist.*

*Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir. 2003) (citing *Beckman Ind., Inc. v. Internat'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992)).  Defendant has not met its burden of showing specific harm or prejudice will result from disclosure of a copy of a settlement agreement the Plaintiff refers to and attached to its complaint.

In addition, Plaintiff Billman Property, LLC, is not represented by counsel in this matter. As Plaintiff was advised in the previously-filed case, a corporation cannot appear except through counsel. *See Rowland v. California Men's Colony,* 506 U.S. 194, 201-02 (1993); *United States v. High Broadcasting Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir. 1993).  Accordingly, Plaintiff shall retain counsel who shall file a notice of appearance in accordance with the local rules no later than **March 10, 2015.**

Accordingly,

**IT IS ORDERED**:

1. Defendant Bank of America, N.A.'s Motion to Seal (Dkt. #6) is DENIED.

2. Plaintiff Billman Property, LLC, shall retain counsel to represent it in this matter who shall file a notice of appearance in accordance with the Local Rules no later than **March 10, 2015.**  Failure to comply with this Order may result in the imposition of sanctions, up to and including a recommendation to the district judge for case-dispositive sanctions.

Dated this 10th day of February, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3