1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BILLMAN PROPERTY, LLC, | Case No. 2:15-cv-00088-MMD-PAL |
| Plaintiff, | ORDER |
| v. | (Def.'s Motion for Temporary Restraining Order —— dkt. no. 8) |
| BANK OF AMERICA, N.A., INC., et al., | |
| Defendants. | |

Before the Court is Defendant Bank of America, N.A.'s Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion") (dkt. nos. 8 & 9). Defendant asserts that Plaintiff has removed valuable fixtures from real property located at 3450 Billman Avenue, Las Vegas, Nevada 89121 (the "Property"). Defendant seeks to prohibit Plaintiff from removing more fixtures from the Property, and from further harming the Property or decreasing its value.

Defendant purchased the Property following a foreclosure in July 2014. (Dkt. no. 8 at 2.) The foreclosure resulted from a default by non-party Steve Cook on a promissory note and deed of trust that Cook had executed to refinance a loan on the Property. (*Id.*) In June 2010, Cook recorded a quitclaim deed that transferred his interest in the Property to Plaintiff. (*Id.*) Several weeks after the July 2014 foreclosure, Plaintiff brought suit against Defendant; the parties agreed to the terms of a settlement agreement for that action in October 2014, but only Defendant executed the agreement. (*Id.* at 2-3; dkt.

no. 6-6 ¶¶ 3-9.) As of January 2015, Plaintiff had not executed the settlement agreement, which would have required Plaintiff to vacate the property by January 15, 2015. (Dkt. no. 8 at 3; dkt. no. 1 at 14.) Defendant inspected the Property on January 30, 2015, and discovered that Plaintiff still occupied the Property, and that Plaintiff had allegedly removed statues and fountains from the Property. Defendant returned to the Property on February 3, 2015, to document where fixtures had been removed.

Plaintiff filed this action on January 16, 2015, alleging nine claims for relief, including breach of the duty of good faith and fair dealing, quiet title, breach of fiduciary duty, wrongful foreclosure, suitability, negligence, liability per se, unfair lending practices, and intentional or negligent infliction of emotional distress. (Dkt. no. 1 at 3-11.) Defendant filed its Motion several weeks later, arguing that court action is necessary to prevent further deterioration of the Property.

The Court may issue a temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure 65. The standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F. 3d 832, 839 n.7 (9th Cir. 2001). Thus, a party seeking a TRO must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). Alternatively, an injunction may issue under the "sliding scale" approach if there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor, so long as that party still shows a likelihood of irreparable injury and that an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). "Serious questions are those which cannot be resolved one way or the other at the hearing on the injunction." *Bernhardt v. Los Angeles Cnty.,* 339 F.3d 920, 926–27 (9th Cir. 2003) (quoting *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988)) (internal quotation marks omitted). They "need not promise a certainty of

success, nor even present a probability of success, but must involve a 'fair chance of success on the merits.'" *Marcos*, F.2d at 1362 (citation and internal quotation marks omitted).

Defendant contends that it is likely to succeed on the merits in dismissing Plaintiff's Complaint. In its concurrently filed Motion to Dismiss, Defendant argues that Plaintiff's claims must be dismissed because Plaintiff, a limited liability company, cannot proceed *pro se*, because Plaintiff lacks standing to assert certain claims, and because Plaintiff fails to state a claim upon which relief may be granted. (Dkt. no. 10 at 4-16.) But Defendant does not explain how dismissal of Plaintiff's Complaint would entitle it to the "extraordinary remedy" of a TRO. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (citation and internal quotation marks omitted). Although dismissal would terminate Plaintiff's claims, it would not entitle Defendant to any injunctive relief because Defendant has not asserted any claims of its own.

Accordingly, it is ordered that Defendant's Motion for Temporary Restraining Order and Preliminary Injunction (dkt. nos. 8 & 9) is denied.

DATED THIS 11th day of February 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE